# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 15-1426V**
**Filed: December 8, 2017**
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| MARCELLA BENNETT, | * | |
| | * | |
| Petitioner, | * | |
| | * | Attorney's Fees and Costs; |
| v. | * | Special Processing Unit ("SPU") |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Robert Bates, III, Law Offices of Tony Seaton, PLLC, Johnson City, TN, for petitioner.*
*Glenn MacLeod, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On November 24, 2015, Marcella Bennett ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she suffered "injuries, including left shoulder injuries, rotator cuff impingement and partial tear of the anterior supraspinatus tendon, resulting from adverse effects of a [sic] influenza vaccination received on December 5, 2012." Petition at 1. On October 27, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. (ECF No. 30).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Before the undersigned is petitioner's application for **$18,973.55** in attorney's fees and costs, ECF No. 33. For the reasons set forth below, the undersigned awards a reduced amount of **$ 11,627.55** in attorney's fees and costs.

## I. Relevant Procedural History

On June 8, 2017, petitioner filed a motion for attorney's fees and costs. Pet. Mot., (ECF No. 33). Thereafter the undersigned granted petitioner's motion to supplement her application for attorney's fees with invoices and itemized expenses. *See* ECF Nos. 35 (Pet. Supp'l Mot.) & 37. Petitioner requests attorney's fees in the amount of **$17,130.00**. Pet. Mot. at 6. Petitioner requests attorney's costs in the amount of **$1,743.55**. *Id.* The total amount attorney's fees and costs requested is **$18,873.55**. In accordance with General Order #9, petitioner states that she incurred no out-of-pocket expenses in pursuit of her claim. (ECF No. 39).

On June 20, 2017, respondent filed a response to petitioner's motion. Resp.'s Resp., (ECF No. 34). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorney's fees and costs." *Id.* at 1. Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorney's fees and costs are met in this case." *Id.* at 2. Respondent recommends that the undersigned exercise her discretion and determine a reasonable award for attorney's fees and costs. *Id.* at 3. Petitioner did not file a reply brief.

## II. Discussion

Under the Vaccine Act, the special master shall award reasonable attorney's fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). Petitioner in this case was awarded compensation; she is therefore entitled to an award of reasonable attorney's fees and costs.

### A. Reasonable Attorney's Fees

As the Federal Circuit noted, attorneys' fees and costs in the Vaccine Program were "not expected to be high" due to the "no-fault, non-adversarial system" set forth in the Vaccine Act. *Saxton ex rel. v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1520 (Fed. Cir. 1993) (quoting H.R. REP. NO. 99-908, at 36 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6377). Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)); *Saxton*, 3 F.3d at 1521.

A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is very significantly lower than the forum rate. *Avera*, 515 F.3d at 1349. If these two requirements are met, the *Davis* exception applies, and that petitioner's counsel is paid according to the local rate. *Id.*; *see Davis County Solid Waste*

*Management and Energy Recovery Special Service District v. United States
Environmental Protection Agency*, 169 F.3d 755 (D.C. Cir. 1999).

Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as fees.  *See Perriera v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Reasonable expert costs are calculated using the same lodestar method as is used when calculating attorneys' fees.  *Masias v. Sec'y of Health & Human Servs.*, No. 99-697V, 2009 WL 1838979, at *37 (Fed. Cl. Spec. Mstr. June 12, 2009).

Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs."  *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991).  They are entitled to rely on their prior experience and, based on experience and judgment, may reduce the number of hours to an amount reasonable for the work performed.  *Saxton*, 3 F.3d at 1521.  A line-by-line evaluation of the billing records is not required.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed. Cir. 1993) (per curiam).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson*, 24 Cl. Ct. at 484.  He "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983).

## 1.    Hourly Rates

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11).  In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney."  *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate.  *Id.*  This is known as the Davis County exception.  *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis*, 169 F.3d at 758).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience.  *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  The Office of Special

Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

The following factors for determining an attorney's appropriate hourly rate were identified in *McCulloc*h: (1) the prevailing rate for comparable legal work in Washington, DC; (2) the prevailing rate for cases in the Vaccine Program; (3) the experience of the attorney(s) in question within the Vaccine Program; (4) the overall legal experience of the attorney(s); (5) the quality of work performed by the attorney(s) in vaccine cases; and (6) the reputation of the attorney(s) in the legal community and community at large. *McCulloch*, 2015 WL 5634323, at *17.

The undersigned has reviewed the billing records submitted with petitioner's request.  Petitioner requests compensation for her attorney, Mr. Robert Bates, at a rate of $275 per hour and a legal assistant hourly rate of $75 for time billed from 2013-2016.  Pet. Mot. at 1-6.

Mr. Bates has been licensed as an Attorney at Law in Tennessee since 2011.  Pet.  Supp'l Mot. at 3.  However, Mr. Bates provides no further support for his requested hourly rate other than the statement that "the customary rate for attorneys of [Mr. Bates'] experience, expertise and location ranges from $250 to $300 an hour."  Pet. Mot. at 1.

This petition is counsel's first and only case within the Vaccine Program.  The $275.00 hourly rate requested by Mr. Bates for the years 2013-2014 is well above the forum rate for attorney's with less than four years of experience.  *See* The Office of Special Master's Forum Fee Schedule, n.3 *supra*.  Likewise, Mr. Bates requests this rate for the work he performed in the years 2015 and 2016, at which point he had four and five years of experience, respectively.  The hourly rate of $275.00 falls within the upper third for attorneys with 4-7 years of experience.  *See* n.3 *supra*.

The undersigned finds that Mr. Bates has not provided justification for awarding an hourly rate above the forum rate for the years 2013 or 2014.  Furthermore, although Mr. Bates handled petitioner's claim with relative efficiency, absent further documentation the undersigned declines to award an hourly rate that would be in the upper range of the applicable forum rate for the years 2015 and 2016.  Particularly so given counsel's inexperience with the vaccine program and difficulty meeting court ordered deadlines.  *See* ECF No. 20; *see also* Informal Remarks dated May 27, 2016 and June 22, 2016.  The undersigned finds the following hourly rates appropriate based on the *McCulloc*h factors outlined above:

| Year Work Performed | Years of Attorney Experience | Hourly Rate |
|---|---|---|
| 2013 | 2 | $200 |
| 2014 | 3 | $225 |
| 2015 | 4 | $225 |
| 2016 | 5 | $250 |

---

[3] The fee schedules are posted on the Court's website. See Office of Special Masters, Attorneys' Forum Hourly Rate Fee Schedule: 2015–2016, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf (last visited November 28, 2017).

The undersigned finds the $75.00 hourly rate requested by petitioner's counsel for his legal assistant to be reasonable and awards it herein.

### 2.      Reduction of Billable Hours

Special masters have the authority to award "reasonable" attorney's fees and litigation costs in Vaccine Act cases. §300aa–15(e)(1).  This is true even when a petitioner is unsuccessful on the merits of the case, if the petition was filed in good faith and with a reasonable basis.  *Id.*  "The determination of the amount of reasonable attorney's fees is within the special master's discretion."  *Saxton,* 3 F.3d at 1520; *see also Shaw v. Sec'y of Health & Human Servs.,* 609 F.3d 1372, 1377 (Fed. Cir. 2010).

Further, as to all aspects of a claim for attorney's fees and costs, the burden is on the *petitioner* to demonstrate that the attorney's fees claimed are "reasonable." *Sabella v. Sec'y of Health & Human Servs.,* 86 Fed. Cl. 201, 215 (2009); *Hensley,* 461 U.S. at 437; *Rupert v. Sec'y of Health & Human Servs.,* 52 Fed. Cl. 684, 686 (2002); *Wilcox v. Sec'y of Health & Human Servs.,* No. 90–991V, 1997 WL 101572, at *4 (Fed. Cl. Spec. Mstr. Feb. 14, 1997).  The petitioner's burden of proof to demonstrate "reasonableness" applies equally to *costs* as well as attorney's fees.  *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (1992), *aff'd,* 33 F.3d 1375 (Fed. Cir. 1994).

One test of the "reasonableness" of a fee or cost item is whether a hypothetical petitioner, who had to use his own resources to pay his attorney for Vaccine Act representation, would be willing to pay for such expenditure.  *Riggins v. Sec'y of Health & Human Servs.,* No. 99–382V, 2009 WL 3319818, at *3 (Fed. Cl. Spec. Mstr. June 15, 2009), *aff'd by unpublished order* (Fed. Cl. Dec. 10, 2009), *aff'd,* 406 Fed. App'x. 479 (Fed. Cir. 2011); *Sabella v. Sec'y of Health & Human Servs.,* No. 02–1627V, 2008 WL 4426040, at *28 (Fed. Cl. Spec. Mstr. Aug. 29, 2008), *aff'd in part and rev'd in part,* 86 Fed. Cl. 201 (2009).  In this regard, the United States Court of Appeals for the Federal Circuit has noted that:

> [i]n the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.

*Saxton*, 3 F.3d at 1521 (emphasis in original) (quoting *Hensley*, 461 U.S. at 433–34).  Therefore in assessing the number of hours reasonably expended by an attorney, the court must exclude those "hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley*, 461 U.S. at 434; *see also Riggins*, 2009 WL 3319818, at *4.

The Federal Circuit has also made clear that special masters may rely on their prior experience in making reasonable fee determinations, without conducting a line-by-

line analysis of the fee bill, and are not required to rely on specific objections raised by respondent. *See Saxton*, 3 F.3d at 1521; *Sabella*, 86 Fed. Cl. at 209; *see also Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484, 486 (1991), *aff'd*, 988 F.2d 131 (Fed. Cir. 1993) (holding that, in determining a reasonable number of hours expended in any given case, a special master may rely on her experience with the Vaccine Act and its attorneys, without basing her decision on a line-by-line examination of the fee application).  A unanimous Supreme Court has articulated a similar holding:

> We emphasize, as we have before, that the determination of fees "should not result in a second major litigation." The fee applicant (whether a plaintiff or a defendant) must, of course, submit appropriate documentation to meet "the burden of establishing entitlement to an award." But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time. And appellate courts must give substantial deference to these determinations, in light of "the district court's superior understanding of the litigation." We can hardly think of a sphere of judicial decisionmaking in which appellate micromanagement has less to recommend it.

*Fox v. Vice*, 563 U.S. 826, 838 (2011) (internal citations omitted).

The Vaccine Act provides broad discretion to special masters in determining a reasonable amount of fees and costs.  *See* § 15(e)(1).  For the reasons set forth below, the undersigned finds a reduction in the number of hours billed by Mr. Bates is appropriate.

### a)    Administrative Time

It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program.  *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (denying an award of fees for time billed by a secretary and finding that "[these] services . . . should be considered as normal overhead office costs included within the attorney'sfees rates"); *Mostovoy v. Sec'y of Health & Human Servs.*, 2016 WL 720969 at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

Petitioner's counsel billed 1.60 hours of attorney time for scanning documents on March 19, 2013.  Pet. Mot at 5.  This type of entry does not constitute billable time, and the undersigned thus reduces petitioners' fee award for it.

### b)    Paralegal Time

It is well established that attorneys who bill for performing non-attorney-level work must appropriately reduce their hourly rate to reflect that of a legal secretary or paralegal.  *Mostovoy*, 2016 WL 720969 at *5.

Mr. Bates billed attorney time for tasks such as creating routine filings and exhibit lists (12/14/15, 1/5/16, 2/22-23/16), calendaring scheduling orders (1/14/16, 3/3/16, 5/27/16), and editing video (4/21/16).  The undersigned thus reduces petitioners' fee award for this incorrectly billed time by 1.3 attorney hours for 2015 and 4.4 attorney hours for 2016.

### c)      Work Done On Civil Suit

Under the Vaccine Program, reasonable attorney's fees and costs are limited to those "incurred in any proceeding on [a] petition."  §15(e)(1); *see also Krause v. Sec'y of Health & Human Servs.*, No. 01-93V, 2012 WL 4477431, at *6 (Fed. Cl. Spec. Mstr. June 20, 2012).  "[R]esearch conducted to explore petitioner's civil remedies . . . are not tasks related to the proceedings on this vaccine claim," and thus, should not be compensated.  *Krause*, 2012 WL 4477431, at *6.

Much of the work billed by petitioner's counsel prior to June 6, 2014 was in pursuit of a medical malpractice claim.  *See* Pet. Mot. at 5-6, 8-9.  For example, Mr. Bates billed for tasks including "Create Med Mal Notices" (9/27/13), "Complaint against Walgreens" (11/11/13), and "Filing Complaint against Walgreens" (1/9/14).  Pet. Mot. at 5-6.  During this period petitioner's counsel also billed for significant legal assistant time for tasks including over a dozen calls to the client to update on the status of the case, all of which took place before Ms. Bennett's instant petition was filed.  Pet. Mot. at 8-9.

This time is not reasonable or necessary to pursue petitioner's vaccine claim, and therefore, it will not be compensated.  The undersigned reduces the requested number of attorney hours for 2013 by 3.1 hours, and for 2014 by 5.5 hours.  The number of requested legal assistant hours is reduced by 3.7.

The undersigned notes that much of the effort required to collect and review Ms. Bennett's relevant medical records occurred during the pursuit of her civil claim.  As this work was relevant to her petition for vaccine compensation, the undersigned awards the time billed for those tasks relating to the collection and review of medical records.

### d)      Bar Admission

Fees and costs related to counsel's bar admission are not compensable.  *See Raymo v. Sec'y of Health & Human Servs.*, No. 11–654V, 2016 WL 7212323, at *12 (Fed. Cl. Spec. Mstr. Nov. 2, 2016), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016); *see also, e.g.*, *Oswalt v. Sec'y of Health & Human Servs.*, 2011 WL 2149932 (Fed. Cl. Spec. Mstr. May 2, 2011) (denying fees for time spent preparing application for admission to the USCFC bar); *Ceballos v. Sec'y of Health & Human Servs.*, 2004 WL 784910 (Fed. Cl. Spec. Mstr. Mar. 25, 2004) (the admission fee for the USCFC bar is not recoverable).

Petitioner's counsel billed four hours of attorney time for the completion of admittance to the United States Court of Federal Claims Bar.  *See* Pet. Mot. at 6 (12/15/14 (1 hour), 1/14/15, 1/20/15, 5/29/15, 12/3/15).  Petitioner's counsel also billed

one-half hour of legal assistant time for this task.  Pet. Mot. at 9 (1/15-16/15).  As this time is not compensable, the undersigned reduces petitioner's fee award accordingly.

### B.    Reasonable Costs

Petitioner requests reimbursement for attorney costs in the amount of **$1,743.55**. Pet. Mot. at 10.  Included in the costs requested by Mr. Bates are $317.50 (1/6/14) for "Hon. Karen Guinn, Washington Co Court (file complaint)," and $40.00 (2/11/14) for "Rickey Gillenwater (officer who served complaint)".  *Id.* at 10.  As noted above, efforts made to explore civil remedies are not compensable in the Vaccine Program.  *Krause*, 2012 WL 4477431, at *6.  Both of these costs were incurred before Ms. Bennett's vaccine petition was filed, as such there was no claim to serve.  These costs are not reasonable or necessary to pursue petitioner's vaccine claim.

Also included in the costs requested by Mr. Bates are $50.00 (12/16/14) for "Appellate Court Clerk" and $276.00 (1/15/15) for "Clerk, US Court of Federal Claims (Adm of Atty to US Court)."  Pet Mot. at 10.  As discussed above in section II.2(d), fees and costs related to counsel's bar admission are not compensable.

For these reasons stated above, the undersigned reduces petitioner's award of attorney's costs in the amount of **$683.50**.

## III.    Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorney's fees and costs with a $683.50 reduction in costs and the following fee reductions:

| Billing | Hours Requested | Hours Reduced | Hours Awarded | Hourly Rate | Amount Awarded |
|---|---|---|---|---|---|
| Bates 2013 | 11.1 | 4.7 | 6.4 | $200.00 | $1,280.00 |
| Bates 2014 | 11 | 6.5 | 4.5 | $225.00 | $1,012.50 |
| Bates 2015 | 21 | 3.3 | 17.7 | $225.00 | $3,982.50 |
| Bates 2016 | 16.5 | 4.4 | 12.1 | $250.00 | $3,025.00 |
| Legal Asst. | 21.1[4] | 4.2 | 16.9 | $75.00 | $1,267.50 |

Total:  **$10,567.50**

**Accordingly, the undersigned awards a lump sum of $11,627.55, representing reimbursement for attorney's fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel,  Robert Bates.**

The clerk of the court shall enter judgment in accordance herewith.[5]

---

[4] The hours reduced in section II.A.2(b) have been added to the requested paralegal hours.

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master